IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts Southern District of Texas
FILED
January 19, 2021
Nathan Ochsner, Clerk of Court

| | |
|---|---|
| GUERRERO,<br>**Plaintiff,**<br><br>v.<br><br>**CONNIE'S SEAFOOD, CONNIE SEAFOOD INC. D/B/A Connie's Seafood Restaurant & Oyster Bar, BIG CATCH CORPORATION D/B/A Connie's Seafood Kitchen, BART V. INVESTMENT, INC. D/B/A The Original Connie's Seafood #1,**<br><br>**Defendants.** | C.A. No. _____<br><br>**(JURY TRIAL DEMANDED)** |

---

## PLAINTIFF'S ORIGINAL COMPLAINT

---

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Plaintiff, Elvyn Guerrero (Mr. Guerrero or Guerrero), filing his Original Complaint complaining of the Four (4) Defendants herein **(will be numbered as #1,#2,#3,#4 and will call all them as Connie's Seafood or Defendants on this original complaint)** "#1) Connie's Seafood (which should be the main/headquarter or corporate company which also should be held responsible for all Plaintiff' jobs denials), #2) Connie Seafood, Inc. d/b/a Connie's Seafood Restaurant & Oyster Bar (Plaintiff's inquired about the job); #3) Big Catch Corporation, d/b/a Connie's Seafood Kitchen (Plaintiff's inquired about the job); #4) Bart V. Investment, Inc. d/b/a The Original Connie's Seafood #1 (Plaintiff's inquired about the job)", and in support thereof would show as follows:

I.
JURISDICTION, PARTIES, AND VENUE

1.1 This Court has jurisdiction over the causes of action alleged by Plaintiff pursuant to: (i) Title VII of the Civil Rights Act of 1964, as amended.

1.2 Guerrero resides in The Bronx, New York since December 30th, 2017 to date (moved to New York where most of his family live and primarily because could have adult family support due to struggles with his economic and health situation in Houston caused by Connie's Seafood discrimination). Plaintiff Guerrero is protected by Title VII. Plaintiff Guerrero was at all relevant times a prospective employee within the meaning of the applicable statutes.

1.3 Defendants (Connie's Seafood and Three (3) specific locations Plaintiff inquired about the job at the Connie's Seafood Restaurants named above as follow: "(#2) Connie Seafood, Inc. d/b/a Connie's Seafood Restaurant & Oyster Bar; #3)Big Catch Corporation, d/b/a Connie's Seafood Kitchen; #4) Bart V. Investment, Inc. d/b/a The Original Connie's Seafood #1))", operate in Houston, Texas. Defendants were at all times Plaintiff's prospective employer within the meaning of the aforementioned applicable statutes.

1.4 Defendants "Connie's Seafood, et al." engaged in an industry affecting commerce and employed more than fifteen (15) regular employees.

1.5 The employment practices alleged to be unlawful herein were committed within the Southern District of Texas, Houston Division. Venue is appropriate in this Court.

1.6 The EEOC and Connie Seafood, Inc. had some arguments about subpoenas enforcement related to Plaintiff's current claim, Charge No. 460-2016- 00207, as can be seen on **Case #: 4:19-mc-01037 (4:2019mc01037) at US District Court Southern District of Texas (Houston) assigned to Honorable Judge Vanessa D Gilmore.**

1.7 **The EEOC concluded it investigation on "Charge 420-2016-00207"** that took the EEOC several years and provided it "Notice of Right To Sue" and portion of the letter states as follow: "This notice concludes the EEOC's processing of the above numbered charge. **The EEOC found reasonable cause to believe that violations of the statute(s)** occurred with respect to some or all the matters alleged in the charge …..".

**VICARIOUS LIABILITY – RESPONDEAT SUPERIOR**

1.8 Whenever in this complaint it is alleged that Connie's Seafood, Inc. did any act or thing, it is meant that the Defendants, Connie's Seafood, Inc. supervisors, agents, servants, employees, or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendants, Connie's Seafood, Inc., or was done in the normal and routine course and scope of employment of Defendants, Connie's Seafood's supervisors, agents, servants, employees, or representatives.

1.9 The acts of management were performed while in the employment of Defendants, Connie's Seafood, Inc., to further Defendants, Connie's Seafood's business, to accomplish the objective for which said managers were hired, and within the course and scope of that employment or within the authority delegated to said employees.

## II.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

2.1 Plaintiff Guerrero filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission. In that Charge, **Charge No. 460-2016- 00207**, and any amendments and/or attachments thereto, Plaintiff Guerrero asserted that the Defendant discriminated against him on the basis of sex.

2.2 Therefore, Plaintiff was forced to file this suit in order to protect his employment rights. Plaintiff has exhausted his administrative remedies and files this suit within the statutory limitations period.

## III.
## FACTUAL BACKGROUND

3.1 Plaintiff Guerrero was born and raised in the Caribbean. He was raised in a tight family unit where hard work, honesty, and decency went a long way. As such, he moved to the United States to better himself. At the time of the events at issue in this claim, Plaintiff was a resident of

Houston, Texas. In Houston in 2015, Plaintiff Guerrero was without any adult family support (Approximately in June 2015 he was discriminated in Defendants' Restaurants by Defendants' managers). Yet, he had two young sons to support (they still live in Houston and see their father (Mr. Guerrero) in vacations in New York), and, as one can imagine, providing for a growing family is expensive.

3.2 To that end, Plaintiff Guerrero began looking for a second job to support his young family. He personally went to the Defendants' Connie's Seafood Restaurants at three (3) different locations in Houston, Texas looking for work.

3.3 In or about the restaurants were signs that read, "Now hiring."

3.4 Surprisingly, he was told immediately and unashamedly that the restaurant does not hire men to work as servers. Plaintiff Guerrero was so stunned by this persistent admission by the Defendants' managers. Mr. Guerrero has recordings of all managers' employment denies just because Mr. Guerrero is male and these recordings were part of the EEOC investigation. These managers can be heard saying collectively that Connie's Seafood Restaurants does not hire men to work as servers, that this is company policy do not hire male as servers or waiters ("mesero" in Spanish (Plaintiff is bilingual English-Spanish and all Connie's Seafood managers and employees he interacted about the server jobs speak Spanish, and at all the time the Plaintiff' jobs inquired were as "mesero or server what is specific as table server" and not as bartender or bar server in case defendants intend to justify that bartenders are also called servers, Plaintiff did not inquired about bar jobs)). One such manager went a step further in inviting Plaintiff Guerrero to go to another restaurant that hire men, but Mr. Guerrero was so shock with the Connie's Seafood denies already; Mr. Guerrero asked for an application in one of these defendants restaurant and while waiting for the manager to come Mr. Guerrero took some time to review and complete portion of the application, and while completing application the female manager showed up and told Mr. Guerrero he could not work as server because he was male and it was

company policy do not hire male as server (mesero). Mr. Guerrero was instead invited in all or some of defendants restaurants to try as cleaning, working at the bar, or kitchen, but not as server which was the position he was interested in working "position as server that was a better fit due to his vast current and previous customer service and cookware industry experience, hospitality, and sales experience" to better provide for him and his kids. It might not be a surprise that defendants might try to tell the court that managers were not managers just to avoid responsibilities and try to impede this court to make justice; in fact, I do believe they were managers and acted as managers all the time and the employees showed them and as managers and definitely I believed all the time they were managers with hiring training practices and I believe it to todays' date, the company policy was not to hire men as servers.

Defendants' attorneys are representing another similar Seafood business named "Mambo Seafood" in another discrimination claim that Mr. Guerrero had to file to ask for justice with EEOC and another Us District Court (Set for Trial in April 2021) to make justice for being discriminated just for being male while also looking for job as server on these Mambo Seafood restaurants (EEOC completed the investigation and found also reasonable cause of discrimination). Plaintiff do understand that each Court or Judge will review and provide the rulings she/he considered are appropriate based on the law, so Plaintiff will provide just for similar case reference of what "The Honorable Judge on Mambo Seafood' case has ruled on a memorandum on year 2020", which some of that information states the follow:

    a) "The plaintiff does not need to establish every element of a prima facie case, but must allege a plausible claim for relief under the federal pleading standard. See EEOC v. Bass Pro Outdoor World, LLC, 884 F. Supp. 2d 499, 515-16 (S.D. Tex. 2012) (Ellison, J.). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and "then determine whether they plausibly give rise to an entitlement to relief." See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Doe v. Robertson, 951 F.3d

383, 387 (5th Cir. 2014). In the final analysis, the complaint must contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." See Iqbal, 556 U.S. at 678; Cicalese v. Univ. of Texas Med. Branch, 924 F.3d 762, 765 (5th Cir. 2019); Patrick v. Wal-Mart, Inc., 681 F.3d 614, 617 (5th Cir. 2012)";

b) "It is a violation of Title VII for an employer "to fail or refuse to hire an individual because of that individual's sex. See 42 U.S.C. § 2000e-2(a). "A plaintiff may use either direct or circumstantial evidence to prove a case of intentional discrimination." Portis v. First Nat. Bank of New Albany, Miss., 34 F.3d 325, 328 (5th Cir. 1994). A plaintiff can prove disparate treatment by direct evidence that "a workplace policy, practice, or decision relies expressly on a protected characteristic." Young v. United Parcel Serv., Inc., 575 U.S. 206, 213 (2015). "Direct evidence is evidence that, if believed, proves the fact of discriminatory animus without inference or presumption." Sandstad v. CB Richard Ellis, Inc., 309 F.3d 893, 897 (5th Cir. 2002); Canada v. Tex. Mut. Ins. Co., 766 F. App'x 74, 79 (5th Cir.), cert. denied, 140 S. Ct. 278 (2019); see also Fairchild v. All Am. Check Cashing, Inc., 815 F.3d 959, 966 (5th Cir. 2016) (citing Jones v. Robinson Prop. Grp., L.P., 427 F.3d 987, 992 (5th Cir. 2005)). "[T]he McDonnell Douglas test is inapplicable where the plaintiff presents direct evidence of discrimination." Portis, 34 F.3d at 328 (quoting Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 121 (1984))";

c) "Under Title VII, an employer cannot legitimately reject for employment an individual who is refused the opportunity to apply for a position based on the individual's protected status. See, e.g., Bernard v. Gulf Oil Corp., 841 F.2d 547, 570 (5th Cir. 1988)";

    d) About if it is reasonable for a plaintiff to wait to file his private lawsuit until after the EEOC concludes its administrative process; Please see what Court said about the time when to file the lawsuit which also includes EEOC completion of investigation: "Plaintiff filed his Charge of Discrimination with the EEOC within the statutory time limit, and that he filed this lawsuit within ninety days after he received the Notice of Right to Sue", ""When Congress first enacted Title VII in 1964 it selected '(c)ooperation and voluntary compliance . . . as the preferred means for achieving' the goal of equality of employment opportunities." Id. (quoting Occidental Life Ins. Co. v. EEOC, 432 U.S. 355 (1977)). Congress later stated that it "hoped that recourse to the private lawsuit will be the exception and not the rule, and that the vast majority of complaints will be handled through the offices of the EEOC or the Attorney General, as appropriate." Id. at 1256-57 (quoting 118 CONG. REC. 7565 (1972)). "These statements clearly indicate that the private remedy allowed by 42 U.S.C. § 2000e-5(f)(1) is only an alternative method for a plaintiff to obtain relief from discrimination." Id. at 1257. "A plaintiff cannot be penalized for choosing to forgo this alternative and electing instead the legislatively and judicially favored method of relying on the administrative processes of the EEOC." Id. Therefore, as held by the Fifth Circuit in Bernard, the plaintiff's failure to file his Title VII claim until completion of the EEOC process was not inexcusable delay and does not support the application of laches. See id.; see also Howard v. Roadway Express, Inc., 726 F.2d 1529, 1533 (11th Cir. 1984)".

3.5 Instead, Plaintiff Guerrero was told that he could work in the kitchen or cleaning. He did not wish to work in the kitchen or work as a janitor (these are good jobs, without disrespecting these employees, but were not the position Plaintiff was interested in working).

3.6 Statistically, Defendants did not hire male applicants seeking server jobs at the time Plaintiff inquired about such a position.

## IV.
## CAUSES OF ACTION

### A. SEX DISCRIMINATION PURSUANT TO TITLE VII

4.1 Plaintiff repeats and re-alleges by reference each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

4.2 Defendants, through its agents, supervisors or employees violated Plaintiff's civil rights in violation of Title VII, by intentionally interfering with his ability to obtain employment as a server because of his gender.

4.3 This intentional interference consisted of discrimination of a continuous nature.

4.4 Defendants, through its agents, supervisors, or employees discriminated against Plaintiff which led to the loss and impairment in whole or part, of the wages, benefits, privileges, and terms and conditions of Plaintiff's employment.

4.5 The above-described acts on Defendants' part caused Plaintiff substantial injury and damage

## V.
## JURY DEMAND

5.1 Plaintiff requests that this action be heard before a jury.

## VI.
## DAMAGES

6.1 Defendants' conduct constitutes violations of statutory law. Such unlawful conduct seriously affects Plaintiff Guerrero in his occupation, trade, and business. Because of Defendants' unlawful conduct, Plaintiff has suffered, suffers, and will continue to suffer humiliation, stress, and other damages. Plaintiff has suffered direct injury as a proximate result of the unlawful

disciplinary practices, policies, and procedures of the Defendants. Accordingly, Plaintiff Guerrero seeks all general, special, incidental, economic, compensatory, punitive, and consequential damages in an amount to be proved at trial including punitive damages.

6.2 Because of Defendants' unlawful and tortuous conduct, Plaintiff is now filing this complaint as "Pro Se" but it will be necessary for Plaintiff Guerrero to retain an attorney to represent him in these causes of action. Plaintiff will agree to pay his attorney reasonable attorney's fees for the preparation and trial of these causes, and further for any appeal thereof should same become necessary.

6.3 Additionally, Plaintiff Guerrero has incurred out-of-pocket expenses, which include litigation costs and other expenses to preserve his ability to earn a living. Accordingly, Plaintiff Guerrero seeks all general, special, incidental, and consequential damages as shall be proven at trial.

6.4 Further, Plaintiff Guerrero seeks pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, the statutory rate of interest because of the delay in receiving the damages and to avoid unjust enrichment to Defendants. Plaintiff Guerrero also seeks post-judgment interest at the maximum rate allowed by law in the event the Defendants do not promptly tender damages assessed against them and to avoid unjustly enriching the Defendants.

## VII.
## PRAYER

WHEREFORE, premises considered, Plaintiff prays that Defendants be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendants for:

a. Permanent injunction enjoining Defendants, its agents, successors, employees, and those acting in consort with Defendants from engaging in any employment practice which discriminates on the basis of sex as outlined above;

b. All damages to which Plaintiff may be entitled pursuant to this Complaint, or any amendment(s) thereto, including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, loss of earnings in the past, loss of earning capacity in the future, loss of benefits in the past, loss of benefits in the future, statutory relief at law, and equity;

c. Compensatory damages for pain and mental suffering in the past and future;

d. Punitive damages in an amount above the minimum jurisdictional limit of the Court;

e. Reasonable attorney's fees with conditional awards in the event of appeal;

f. Pre-judgment interest at the highest rate permitted by law;

g. Post-judgment interest from the judgment until paid at the highest interest rate permitted by law;

h. Costs of court and expert witness fees incurred by Plaintiff in the preparation and prosecution of this action; and

i. Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Complaint or by any amendment hereto.

Respectfully submitted,

Elvyn Guerrero
PO Box 259
Bronx, NY 10463
832-283-6675
elvynguerrero@hotmail.com

ELVYN GUERRERO
(PRO SE PLAINTIFF)